# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DAVID JONES
ADC #94099                                                                               PLAINTIFF

V.                              5:12CV00456 SWW/JTR

MEGAN BOND, Varner Unit Infirmary,
Arkansas Department of Correction, et al.                            DEFENDANTS

## ORDER

Plaintiff, David Jones, is a prisoner proceeding *pro se* in this § 1983 action. He has recently filed a Motion arguing that I should recuse from this case. *Doc. 86.*

A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Because a judge is presumed to be impartial, the "party seeking disqualification bears the substantial burden of proving otherwise." *Am. Prairie Constr. Co. v. Hoich*, 594 F.3d 1015, 1022 (8th Cir. 2010); *U.S. v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006). Additionally, the Eighth Circuit has clarified that a judge's rulings "do not constitute a basis for a bias or partiality" unless the rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

On June 25, 2013, I entered an Initial Scheduling Order staying discovery on the merits of Plaintiff's claims until the issue of exhaustion of administrative remedies

was resolved. *Doc. 70.* Plaintiff contends that I was not impartial in my decision to enter that Order because it alerted Defendants to the need to raise that affirmative defense. *Doc. 86.*

The Initial Scheduling Order is a *routine order* that I enter in all prisoner cases filed against multiple ADC Defendants, regardless of whether there may be a valid exhaustion argument to be raised in that particular case. At the time Initial Scheduling Orders are entered, the Court has no way of knowing whether a viable exhaustion argument can or should be raised. However, the Prison Litigation Reform Act clearly contemplates that *possible* exhaustion issues be raised as soon as possible so that the parties and the Court's resources are not unnecessarily expended developing the merits of unexhausted claims. Nothing about my entry of the Initial Scheduling Order in this case prevents me from being fair, unbiased, and impartial.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Recuse (Doc. 86) is DENIED.

Dated this 18th day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE