# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DAVID JONES
ADC #94099                                                                          PLAINTIFF

V.                               5:12CV00456 SWW/JTR

MEGAN BOND, Varner Unit Infirmary,
Arkansas Department of Correction, et al.                                         DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

# INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, David Jones, has filed this *pro se* § 1983 action alleging that Defendants LPN Megan Bond, LPN Brandy Maloney, APN Connie Hubbard, and Dr. Ojiugo Iko failed to provide him with constitutionally adequate medical care for

injuries he sustained to his wrist, ribs, ankle, and back when he fell down a flight of stairs at the Varner Super Max Unit on June 17, 2011.[1] *Docs. 2 & 6.* Defendants have filed a Motion for Summary Judgment on the issue of exhaustion, and Plaintiff has filed a Response. *Docs. 78, 79, 80, 82, 83, 84, 85, & 88.*

## II. Discussion

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the

---

[1] Plaintiff also alleges that several other Defendants deliberately caused the fall and used excessive force to remove him from the area after he fell. *Docs. 2 & 6.* Those other Defendants have not moved for summary judgment on the issue of exhaustion, and the time for doing so has expired. *Doc. 70.*

exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

To fully and properly grieve a medical issue, an ADC prisoner must: (1) file an informal resolution with the medical staff; (2) file a grievance with the Health Services Administrator if the attempt at informal resolution is unsatisfactory; and (3) appeal the denial of that grievance to the ADC Deputy Director for Health and Correctional Programs. *Doc. 78, Exs. A & B* (ADC Adm. Dirs. 10-32 and 12-16 § IV(E) through (G)). Additionally, the ADC's exhaustion policy requires inmates to "specifically name each individual" involved and the "date" of the grieved matter, and those instructions are repeated on the grievance forms themselves. *Id.* (§ IV (C)(4), (E)(2), and (N)). Finally, the ADC's exhaustion policy advises prisoners that their federal lawsuit may be dismissed if they fail to comply with those requirements. *Id.*

Prior to filing this federal lawsuit, Plaintiff fully exhausted twenty-three grievances about the medical care he received for the injuries he sustained during the June 17, 2011 fall.[2] *Id., Ex. C.* Defendant Bond argues that she is entitled to dismissal because Plaintiff did not specifically name her in any of those fully exhausted grievances. *Doc. 79.* Defendants Maloney, Hubbard, and Iko concede that Plaintiff properly named them in his fully exhausted grievances. *Id.* They, however, argue that Plaintiff's inadequate medical care claims should be limited to the specific dates of care that he mentioned in his fully exhausted grievances. *Id.* The Court finds no merit to the arguments raised by Defendant Bond and Defendants Maloney, Hubbard, and Iko.

In deciding if a grievance has been properly exhausted, the Eighth Circuit has made it clear that the trial court should not look only at what is within the four corners of a grievance. Instead, it must determine whether, despite the procedural flaws, prison officials reached and decided the merits of the specific claims asserted against each defendant. *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). To make that

---

[2] Plaintiff contends that he could not complete the exhaustion process for several other grievances because prison officials failed to timely and properly respond to his informal resolutions and grievances. *Docs. 82, 83, 84, & 85.* In his affidavit, Plaintiff alleges that he cannot prove that because Defendants refused to give him copies of the administrative worksheets that tracked the processing of those unexhausted grievances. *Doc. 82.* The ADC's exhaustion policy allows an inmate to proceed to the next step of the process if he does not timely or properly receive a response to an informal resolution or grievance. *See Doc. 78, Exs. A & B* (ADC Adm. Dirs. 10-32 and 12-16 § IV(E)(11) and (F)(8)). Thus, Plaintiff's argument about the prison officials' alleged failure to timely and properly respond to his unexhausted grievances has no merit.

determination, the trial court should look beyond the prisoner's grievances and examine the issues that the prison officials actually reviewed and decided during the administrative appeal process.[3]

In their administrative rulings on Plaintiff's fully exhausted grievances, prison officials specifically discussed the medical care provided by Defendants Bond, Maloney, Hubbard, and Iko. *Doc. 78, Ex. C* (Grievances VSM 11-2363, VSM 11-3385, VSM 12-238, VSM 12-489, VSM 12-599, VSM 12-1089, VU 12-998, VU 12-1216,VU 12-1218, VU 12-1285, VU 12-1610). Additionally, prison officials did not limit their review to the dates of medical care mentioned in Plaintiff's grievances. *Id.* Instead, they reviewed all the medical care Defendants provided from June 17, 2011,

---

[3] In *Hammett v. Cofield,* 681 F.3d 945, 947 (8th Cir. 2012), the Eighth Circuit held that the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits."

Since *Hammett*, Eighth Circuit panels have split over whether an Arkansas prisoner's failure to specifically name each defendant in his grievances, as required by the ADC's exhaustion policy, is always fatal to proper exhaustion of administrative remedies. In *Bower v. Kelley*, Case No. 12-1678, 2012 WL 6199266 (8th Cir. Dec. 13, 2012) (unpublished opinion) and *Parks v. Corizon, Inc*., Case No. 12-3516, 511 Fed. Appx. 588 (8th Cir. June 27, 2013) (unpublished opinion) the Court found proper exhaustion as to all the defendants, including those not named in the grievances, because prison administrators reached the merits of the prisoners' claims. In contrast, in *Jones v. Hobbs*, Case No. 12-2002 (8th Cir. Jan. 22, 2013) (unpublished decision), the Court held that the prisoner had not properly exhausted because he failed to specifically name two of the three defendants. Similarly, in *Champion v. Akins*, No. 12-2467, 2013 WL 656797 (8th Cir. Feb. 25, 2013) (unpublished opinion), the Court found partial exhaustion where a prisoner named three defendants in his grievances, but only alleged that one defendant did anything wrong.

These unpublished per curiam opinions (which are not binding authority under 8th Cir. R. 32.1A) can be harmonized by focusing on whether – despite the procedural flaw – prison officials reached and decided the merits of the specific claims asserted against each defendant. To make that determination, the Court must look beyond the prisoner's grievances and examine the issues that the prison officials reviewed and decided during the administrative appeal process. This approach is consistent with the *Hammett* opinion and the purposes of the PLRA's exhaustion requirement.

which was the date of his fall, until August 13, 2012.[4] *Id.* Thus, the Court concludes that Plaintiff properly exhausted his administrative remedies regarding the medical care that Defendants Bond, Maloney, Hubbard, and Iko provided to him for his wrist, ankle, rib, and back injuries from June 17, 2011, until August 13, 2012.

In contrast, Plaintiff did not properly grieve – and prison officials did not reach or discuss – any of the medical care that Defendants Bonds, Maloney, Hubbard, and Iko provided to Plaintiff for his injured wrist, ankle, rib, and back after August 13, 2012. Thus, any claims Plaintiff may have against those Defendants for the medical care they provided after August 13, 2012, should be dismissed, without prejudice, based on Plaintiff's failure to properly exhaust his administrative remedies.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' Motion for Summary Judgment (Doc. 78) be GRANTED IN PART.

2.  Plaintiff be allowed to PROCEED with his claim against Defendants Bonds, Maloney, Hubbard, and Iko for the medical care they provided for his wrist, ankle, ribs, and back from June 17, 2011, until August 13, 2012; and his claim

---

[4] Plaintiff's last two fully exhausted grievances were filed in May and June of 2012. *Doc. 78, Ex. C* (Grievances VU12-998 & VU 12-1218). The final appellate rulings on those two grievances were issued on August 27, 2012. *Id.* In those rulings, that last date of medical care that prison officials reviewed and discussed is August 13, 2012. *Id.*

regarding the medical care they provided him for those injuries after August 13, 2012, be DISMISSED, WITHOUT PREJUDICE, due to a lack of exhaustion.

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

Dated this 15th day of November, 2013.

_____
UNITED STATES MAGISTRATE JUDGE