**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAVID JONES
ADC #94099                                                                                                    PLAINTIFF

V.                                      5:12CV00456 SWW/JTR

MEGAN BOND, Varner Unit Infirmary,
Arkansas Department of Correction, et al.                                        DEFENDANTS

## **ORDER**

Plaintiff, David Jones, has filed this *pro se* § 1983 action alleging, among other things, that Defendants failed to provide him with adequate medical care for injuries he sustained to his wrist, ribs, ankle, and back when he fell down a flight of stairs at the Varner Super Max Unit on June 17, 2011. Plaintiff has recently filed several nondispositive Motions, which the Court will address separately.

### **I. Second Motion to Compel**

Plaintiff has filed a Motion alleging that Defendants Demery and Synder-Hudgens have not responded to *unspecified* discovery requests he mailed to them on January 15, 2014. *Doc. 125.* Defendants Demery and Synder-Hudgens state that they are not aware of any unanswered discovery requests that were sent to them by Plaintiff. *Doc. 129.* Nevertheless, in an abundance of caution, they have recently mailed Plaintiff additional copies of their discovery answers. *Id.* Thus, it appears that

this discovery matter has now been resolved.

Plaintiff also alleges that the ADC Defendants have failed to provide him with a copy of ADC Health Services Policy 800. *Doc. 125.* Defendants explain that the policy describes the process opening and verifying medical entries, ordering prescriptions by telephone, inventorying supplies, and other housekeeping matters that have no bearing on the merits of Plaintiff's inadequate medical care claim. *Docs. 129 & 130.* Additionally, Defendants claim that the policy could be used by prisoners to alter, forge, or intercept confidential medical information. *Id.*

The Court concludes that legitimate security concerns prevent Defendants from providing Plaintiff with a copy of ADC Health Services Policy 800, which is also irrelevant to the merits of his inadequate medical care claim. Thus, Plaintiff's Second Motion to Compel is denied.

## II. Third Motion to Compel

Plaintiff has filed a Motion asking the Court to compel Defendants to produce a copy of his prison medical records. *Doc. 126.* Defendants correctly objected to this request because legitimate security concerns prevent prisoners from having such documents in their possession while in prison. *Docs. 129 & 130.* Additionally, Plaintiff admits that he has been able to review his prison medical file. *Doc. 126.* If Defendants file a Motion for Summary Judgment, Plaintiff can ask them for copies of

*relevant* portions of his prison medical file that are not already attached to Defendants' Motion. If Defendants do not provide such copies, Plaintiff should promptly refile his Motion to Compel. Further, if this case proceeds to trial, the Court will order Defendants to provide Plaintiff with copies of the relevant prison records and to bring Plaintiff's complete prison file to Court. Thus, Plaintiff's Third Motion to Compel is denied.

### III.   Motion for Subpoenas *Duces Tecum*

Plaintiff has filed a Motion asking the Court to subpoena medical records from St. Vincent's Hospital, UAMS, and Forest Park Medical Center for medical treatment he received in 2006 and 2008 for his back, neck, and hand. *Doc. 127.* Although it is unclear, it appears that these records could be relevant to Plaintiff's assertion that his June 2011 fall exacerbated prior injuries he sustained during a 2006 car accident. Accordingly, the Motion is granted, and the Court will instruct the Clerk to issue the subpoenas *duces tecum.*

### IV.   Motion for Supplemental Disclosures and Responses

Plaintiff has filed a Motion for Supplemental Disclosures and Responses. *Doc. 128.* In that pleading, Plaintiff states that he needs additional time to conduct discovery because Defendants' discovery responses, in general, have been unsatisfactory. *Id.* Plaintiff has not explained: (1) how Defendants' responses to *any*

*specific* discovery requests are improper *under the Federal Rules of Civil Procedure;* (2) what additional discovery he needs to conduct; (3) why he has been able to do so in the three months previously allowed for discovery; or (4) how much additional time he needs. Additionally, Defendants state that they have already responded to numerous discovery requests and provided Plaintiff with approximately 300 pages of requested documents. *Docs. 129 & 130.*

Accordingly, the Motion for Supplemental Disclosures and Responses, which has been construed as a request for an extension of time to engage in further discovery, is denied. However, the Court will briefly extend the dispositive motion deadline to allow for the service of the subpoenas *duces tecum* and distribution of the produced medical records to the parties.

### V. Conclusion

1. Plaintiff's Second Motion to Compel (*Doc. 125*) is DENIED.

2. Plaintiff's Third Motion to Compel (*Doc. 126)* is DENIED.

3. Plaintiff's Motion for Supplemental Disclosures and Responses (*Doc. 128*) is DENIED.

4. Plaintiff's Motion for Subpoenas Duces Tecum (*Doc. 127*) is GRANTED. The Clerk is directed to prepare three subpoenas *duces tecum* for the medical records listed in the Motion. The recipients will have fourteen days from service to produce

the specified medical records to the Court, which will then distribute any produced medical records to the parties.

5. The dispositive motion deadline is extended to **May 9, 2014.**

Dated this 26th day of March, 2014.

/s/ J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE