**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DAVID JONES
ADC #94099                                                                                      PLAINTIFF

V.                                    5:12CV00456 SWW/JTR

MEGAN BOND, Varner Unit Infirmary,
Arkansas Department of Correction, et al.                                            DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

On June 17, 2011, Plaintiff, David Jones, fell down a flight of stairs at the Varner Super Max Unit ("VSM"). In this *pro se* 42 U.S.C. § 1983 action, he alleges that Defendants Lieutenant Michael Demery, Sergeant Arthur Lee Johnson, Corporal Basil Clemons, Corporal Lajyrl Wise, Corporal Rickey McCarroll, Correctional Officer Cody Singleton, and Correctional Officer Brandi Snyder-Hudgens violated his constitutional rights by failing to prevent that fall and then failing to provide him with adequate medical care for his injuries.[1] *Docs. 2 & 6.*

Defendants have filed a Motion for Summary Judgment on both of Plaintiff's claims, and Plaintiff has filed a Response.[2] *Docs. 154, 155, 156, 167, 168, 169, 171, & 175.* Thus, the issues are joined and ready for disposition.

---

[1] Plaintiff's inadequate medical care claim against the prison medical personnel that treated his injuries is discussed in a separately entered Recommended Disposition. *Doc. 176*

[2] Defendants' Motion for Summary Judgment also addresses the due process, retaliation, and access to the courts claims Plaintiff raised in his Complaint and Amended Complaint. However, the Court has already dismissed those claims. *Docs. 7 & 8.* There is no need to revisit them.

## II. Facts

Before addressing the merits of Defendants' Motion for Summary Judgment, the Court will summarize the material facts, viewed in the light most favorable to Plaintiff:[3]

1. On June 17, 2011, Plaintiff was housed in an isolation cell at the VSM. Around 11:00 a.m., Defendants McCarroll and Clemons placed Plaintiff in handcuffs, leg shackles, and a belly chain and escorted him to the stairwell leading to the prison yard.[4] *Docs. 2, 6, 155 at Ex. 4, & 68 at Exs. 1, 2, & 3.*

2. As Plaintiff approached the stairs, he noticed that they were slick with water. Defendants Singleton and Wise were standing approximately half way down the stairs. Plaintiff objected to descending the wet stairs without assistance. Defendants McCarroll and Singleton directed him to do so, without providing any assistance.[5] *Id.*

---

[3] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

[4] Because the VSM houses the most violent and difficult to control prisoners the ADC, the prisoners are fully restrained whenever they are removed from their cells.

[5] In contrast, Defendants allege that: (1) the stairs were not wet; and (2) Defendants Singleton and Wise helped Plaintiff down the stairs. *Doc. 155, Exs. 2, 5, & 7.*

3. When Plaintiff reached the second step, he slipped and fell down the remaining stairs.[6] Plaintiff asked for medical attention for his injuries. Defendants denied that request. Defendants Clemons and Singleton then escorted Plaintiff to the exercise yard, where Defendant Johnson was standing. *Id.*

4. After his restraints were removed in the prison yard, Plaintiff noticed that he was bleeding from a scratch on his left wrist. He asked Defendants Clemons, Singleton, and Johnson if he could go to the infirmary for treatment. Defendants told Plaintiff that he could go to the infirmary after they finished escorting the rest of the prisoners to the exercise yard. *Id.*

5. Around 12:20 p.m., Defendants McCarroll and Clemons returned to the exercise yard and escorted Plaintiff to the prison infirmary. The day shift nurse cleaned a small scratch on Plaintiff's left wrist, which was not bleeding, and applied a band-aid. Plaintiffs complained of sore ribs on the left side and pain on his left hand and thumb. However, the nurse did not detect any bruising, broken skin, or other abnormalities. She then gave Plaintiff a three-day supply of Acetaminophen for pain. Defendants McCarroll and Clemons then returned Plaintiff to his isolation cell. *Doc. 145, Ex. A at 20.*

---

[6] Defendants contend that Plaintiff only fell down the last three or four steps. According to Defendants, Plaintiff denied any injuries and went to the exercise yard were he "began working out." *Doc. 155, Ex. 5.*

6.     Sometime later that day, Plaintiff told Defendants Demery and Snyder-Hudgens that he was in pain and wanted to return to the infirmary. They denied his request.[7] *Docs. 2, 6, 155 at Ex. 4, & 168 at Ex. 3.*

7.     At 7:50 p.m., a correctional officer escorted Plaintiff to the prison infirmary, where he complained of left rib and left wrist pain. A night-shift nurse did not detect any swelling, redness, bruising, or warmth in Plaintiff's ribs or left wrist. Plaintiff also demonstrated a normal range of motion. The nurse continued Plaintiff's Acetaminophen prescription and instructed him to return to the infirmary if needed. *Doc. 155 at Ex. 6.*

8.     On June 22, 2011, x-rays were taken of Plaintiff's left wrist, left fingers, and ribs. No abnormalities were detected.[8] *Doc. 146 at Ex. A.*

### III.  Discussion

**A.   Failure to Protect Claim**

Plaintiff alleges that Defendants Singleton, McCarroll, Clemons, and Wise violated his constitutional rights when they failed to prevent his June 17, 2011 fall. To

---

[7] Defendant Snyder-Hudgens alleges that, at 2:15 p.m., she notified the infirmary that Plaintiff had submitted an "emergency" grievance seeking medical attention. *Doc. 155, Ex. 1*

[8] The medical care Plaintiff received thereafter is discussed in the accompanying Recommended Disposition addressing Plaintiff's § 1983 claims against the VSM medical care providers. *Doc. 176.* It is undisputed that Defendants Demery, Johnson, Clemons, Wise, McCarroll, Singleton, and Snyder-Hudgens did not have any personal involvement in the medical care Plaintiff sought or received after June 17, 2011.

prevail on that claim, Plaintiff must prove that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, Defendants knew of and disregarded that substantial risk of serious harm. *See Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007).

As previously mentioned, the parties disagree as to whether the stairs were wet when Plaintiff descended them. However, even assuming that the steps were wet, Plaintiff concedes that, immediately prior to his fall, at least six other fully restrained prisoners descended the wet stairs without falling. *Doc. 2* at *13-14*. Similarly, although the water alleged remained on the stairs for quite some time, Plaintiff does *not* contend that any prisoners fell later that day while they were being escorted to the yard. Thus, there is simply no evidence that the Defendants were aware of, and deliberately disregarded, a substantial risk of harm to Plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994) (explaining that a prison "official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment"); *Schoelch v. Mitchell,* 625 F.3d 1041, 1046 (8th Cir. 2010) (to establish deliberate indifference, a prison official must be actually "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Lenz*, 490 F.3d at 995-996 (providing that "a single

incident, or series of isolated incidents" does not constitute a substantial risk of harm).

At most, the evidence suggests that, perhaps, Defendants were negligent when they allowed Plaintiff to descend the wet stairs while fully restrained. However, it is well established that negligence, or even gross negligence, does not rise to the level of a constitutional violation. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Thornton v. Phillips Cnty., Ark,* 240 F.3d 728, 729 (8th Cir. 2001) (affirming the dismissal of a prisoner's § 1983 slip and fall claim that was based on negligence, and not deliberate indifference); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) (same).

Finally, Plaintiff claims that Defendants violated an ADC policy when they did not assist him down the stairwell. However, Plaintiff does not have a constitutional right to enforce compliance with internal prison policies or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996). Accordingly, Defendants Singleton, McCarroll, Clemons, and Wise are entitled to summary judgment on Plaintiff's failure to protect claim and that claim should be dismissed with prejudice.

**B.    Inadequate Medical Care Claim**

Plaintiff alleges that Defendants Clemons, Singleton, McCarroll, Wise, Johnson, Demery, and Snyder-Hudgens violated his constitutional rights when they denied his initial requests for medical treatment for the injuries he sustained from his

June 17, 2011 fall. To succeed on that inadequate medical care claim, Plaintiff must prove that: (1) he had an objectively serious medical need; and (2) Defendants subjectively knew of, but deliberately disregarded, that serious medical need. *See Estelle v. Gamble,* 429 U.S. 97 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

As to the first element, a medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment, or was so obvious that a layperson would recognize the need for a physician's attention." *Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010); *see also McRaven v. Sanders,* 577 F.3d 974, 982 (8th Cir. 2009). As discussed more thoroughly in the accompanying Recommended Disposition (*Doc. 176)*, there is *no evidence* that Plaintiff sustained any objectively serious medical injuries as a result of his June 17, 2011 fall. To the contrary, two prison nurses determined that Plaintiff suffered *de minimus* injuries, which they treated with Acetaminophen and a band-aid.

More importantly, it is undisputed that, within hours of his fall, Plaintiff was seen on two different occasions, by two different nurses, at the prison infirmary. Plaintiff has not come forward with *any evidence* demonstrating that he was harmed, in any way, by the brief delay in these Defendants taking him to the prison infirmary for examination and treatment. *See Holden v. Hirner*, 663 F.3d 336, 342 (8thCir.

2011) (explaining that, to defeat summary judgment, a prisoner must produce "verifying medical evidence" establishing that he was harmed by a delay in receiving medical care); *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (same). Thus, Defendants Clemons, Singleton, McCarroll, Wise, Johnson, Demery, and Snyder-Hudgens are entitled to summary judgment, and Plaintiff's inadequate medical care claim against them should be dismissed, with prejudice.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment *(Doc. 154)* be GRANTED, and that Plaintiff's claims against Defendants Demery, Johnson, Clemons, Wise, McCarroll, Singleton, and Snyder-Hudgens be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 26th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE